FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 19, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CHRISTOPHER MILLER, an individual; and TAYLOR EYMANN, an individual,

    Plaintiffs,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, d/b/a USAA CASUALTY INSURANCE COMPANY, an interinsurance exchange; and GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, a Texas Corporation,

    Defendants.

NO. 2:23-CV-0294-TOR

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND

BEFORE THE COURT is Plaintiffs' Motion for Remand (ECF No. 9). This matter was submitted for consideration without oral argument. The Court has reviewed the record and relevant files and is fully informed. For the reasons discussed below, Plaintiffs' motion for remand is **GRANTED**.

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND ~ 1

# BACKGROUND

This motion for remand arises out of an insurance malpractice case brought by Plaintiffs Christopher Miller and Taylor Eymann.  ECF No. 1-3 at 11-21.  Plaintiffs are engaged and share a home together in Spokane, Washington.  *Id.* at 4, ¶ 5.2.  In September 2020, Plaintiffs' residence was damaged by sewage water that flooded the entire lower level of their home.  *Id.* at 6, ¶ 5.17.  At the time, Plaintiff Miller maintained an active homeowners insurance policy that he claims was issued by Defendant United Services Automobile Association (USAA), doing business as USAA Casualty Insurance Company (CIC), and Defendant Garrison Property and Casualty Insurance Company (Garrison).  *See* ECF No. 12-1.  Garrison is a subsidiary of CIC, and CIC is a wholly-owned subsidiary of USAA.  ECF Nos. 9 at 4; 11 at 4.  USAA is a reciprocal interinsurance exchange structured as an unincorporated association.  ECF No. 12 at 2, ¶ 2.  Both CIC and Garrison are Texas corporations.  ECF No. 1-3 at 2, ¶ 1.3.

On September 6, 2023, Plaintiffs filed suit in Spokane County Superior Court against Garrison and USAA.  *See* ECF No. 1-3 at 22.  Broadly, Plaintiffs claimed that Defendants had violated the Washington Insurance Fair Conduct Act, the Washington Consumer Protection Act, and various statutory and common law duties of good faith and fair dealing.  *Id.* at 11-21.  Plaintiffs also asserted that Defendants committed the torts of negligence and negligent infliction of emotional

1   distress.  *Id.*

2   On September 11, 2023, the Washington State Office of Insurance Commissioner (OIC) accepted service of process on behalf of Garrison.  ECF No. 10 at 6.  On September 19, 2023, the OIC accepted service of process on behalf of USAA.  *Id.* at 9.  On October 11, 2023, Garrison filed a notice of removal based on diversity jurisdiction, 28 U.S.C. § 1332(a).  ECF No. 1.  USAA did not join in the notice of removal.  *Id.*  Plaintiffs now bring the instant motion for remand.  *See* ECF No. 9.

**DISCUSSION**

Plaintiffs argue that remand is required because Defendant USAA failed to consent to removal.  ECF No. 9 at 2; *see* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to removal of the action.").  Defendant Garrison responds that USAA was not a "properly joined" defendant such that its consent to removal was required.  ECF No. 11 at 2.  Specifically, Defendant argues that (1) USAA did not have a contract with Plaintiffs, and (2) Plaintiffs did not state a valid cause of action against USAA.  *Id.*

**I.    Diversity Jurisdiction**

Under Article III, "[t]he judicial Power shall extend" to "[c]ontroversies . . . between citizens of different States."  U.S. Const. Art. III, § 2.  Drawing from

that authorization and beginning with the Judiciary Act of 1789, Congress has continuously permitted federal district courts "to exercise jurisdiction based on the diverse citizenship of parties." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Under the current federal statute governing diversity jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

For the court's exercise of jurisdiction under § 1332(a) to be effective, diversity must be "complete," meaning "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)); *see also Strawbridge v. Curtiss*, 3 Cranch 267 (1806). Further, diversity is based upon the identities of the real parties in interest. *Miss. Ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014) ("We have . . . require[d] courts in certain contexts to look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction.").

A diversity action commenced in state court may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Some exceptions, however, apply. Under the "resident defendant rule," any removable action under § 1332(a) "may

not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 1441(b)(2). Further, "all defendants who have been properly joined and served must join in or consent to the removal of the action." § 1446(2)(A).

A one-year outer time limit applies to removal based on diversity, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." § 1446(c)(1). The notice of removal must be filed within 30 days of the defendant's receipt of a copy of the initial pleading (or if the pleading has yet to be filed, then within 30 days of the service of the summons, whichever period is shorter). § 1446(b)(1). Where multiple defendants are served at different times, each "shall have 30 days after receipt or by service on that defendant of the initial pleading or summons . . . to file the notice of removal." § 1446(b)(2)(B).

As aforementioned, removal based upon diversity jurisdiction requires the consent of all "properly joined" defendants. § 1446(b)(2)(A). However, fraudulently joined defendants provide an exception to this unanimity requirement. *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762-63 (9th Cir. 2002). "Fraudulent joinder is a 'legal term of art used to refer to the joinder of unnecessary or nominal parties in order to defeat federal jurisdiction.'" *Kuperstein v. Hoffmann-Laroche, Inc.*, 457 F. Supp. 2d 467, 470 (S.D.N.Y. 2006) (internal

citation and brackets omitted).  A "party invoking federal court jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against fraudulent joinder.'" *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting *Hunter Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).  The removing party must prove, "by clear and convincing evidence," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007), "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court," *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1044).  Here, Defendant asserts that joinder is fraudulent based on Plaintiffs' inability to establish a cause of action against USAA.  *See generally* ECF No. 11.  "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046) (emphasis in original).  The analysis requires the court to "resolve all contested issues of fact and any ambiguities of state law in the plaintiff's favor." *Deshong v. Extendicare Homes, Inc.*, No. CV-09-066-JLQ, 2009 WL 1764516, at *2 (E.D. Wash. June 19, 2009) (unreported) (quoting *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)).

## II. Party Citizenship Status

At the outset, the Court must resolve the issue of USAA's citizenship status. Plaintiffs suggest that USAA is a diverse party. *See* ECF Nos. 11 (claiming that USAA's consent was required for removal), 13 at 11 (arguing that USAA's "principal place of business [is] in Texas"). While USAA's principal office may be located in Texas, it is actually an interstate insurance exchange, structured as an unincorporated association. ECF No. 12 at 2, ¶ 2. An unincorporated association shares the citizenships of all its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). USAA has members across the nation, including in Washington State. *See, e.g.*, *Lyons v. USAA Casualty Ins. Co.*, 3:22-cv-05462-JHC, 2022 WL 16854273, at *3 (W.D. Wash. Nov. 10, 2022) (unreported) (finding joinder of USAA would destroy subject matter jurisdiction because USAA had members in Washington); *Young v. United Servs. Auto. Ass'n*, CV 20-84-GF-JTJ, 2021 WL 120968, at *2 (D. Mont. Jan. 13, 2021) (unreported) (holding that policyholders of an insurance exchange are "members" for purposes of diversity and that USAA is "a citizen of every state in which it has a member-subscriber"); *Cal. Auto. Ins. Co. v. Basscraft Mfr. Co.*, CV 5:19-2259-MWF-SHK, 2020 WL 730851, at *1 (C.D. Cal. Feb. 13, 2020) (unreported) (same).

Plaintiffs represent that they are Washington citizens for purposes of diversity. *See* ECF No. 1-3 at 1-2, ¶¶ 1.1-1.2; *Kanter v. Warner-Lambert Co.*, 265

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND ~ 7

F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is . . . determined by her state of domicile."). Therefore, if USAA's presence in this action is permissible, then diversity is not "complete" and this Court must remand the action, regardless of whether Garrison obtained USAA's consent to removal or not. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[1]

### III. Fraudulent Joinder

The propriety of remand hinges on whether USAA was a properly joined party. If USAA was fraudulently joined, then diversity is complete, and the Court must retain the action. If USAA is a permissible party to this action, then remand is required for lack of subject matter jurisdiction. § 1447(c).

The parties agree that Garrison is a subsidiary of CIC, which is a wholly-owned subsidiary of USAA. *See* ECF Nos. 11 at 4; 13 at 4. "It is a general

---

[1] Even if Plaintiffs were not Washington citizens such that diversity would be complete with USAA's presence, remand would nevertheless be required because of the resident defendant rule. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely . . . under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through the ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (internal quotations and citations omitted). Two general exceptions apply: (1) where "the parent is directly a participant in the wrong complained of," *id.* at 64, and (2) where the parent is not a direct participant, "the corporate veil may be pierced . . . when, *inter alia*, the corporate form would otherwise be misused to accomplish certain wrongful purposes, most notably fraud, on the shareholder's behalf," *id.* at 62. Under Washington law, whether the court may pierce the corporate veil or "disregard the corporate entity" is a question of fact. *See* Stephen B. Presser, *Piercing the Corp. Veil* § 2:52 (Dec. 2023 Update) (noting that Washington courts refer to the concept of veil-piercing interchangeably as "corporate disregard"). To pierce the corporate veil, (1) "the corporate form must be intentionally used to violate or evade a duty," and (2) "disregard must be 'necessary and required to prevent unjustified loss to the injured party.'" *Meisel v. M&N Modern Hydraulic Press Co.*, 97 Wash. 2d 403, 410 (1982) (quoting *Morgan v. Burks*, 93 Wash. 2d 580, 587 (1980)). Washington courts also recognize the "alter ego" doctrine, under which "one entity so dominates and controls a corporation [such that the] corporation is the entity's alter ego." *Rapid Settlements, Ltd.'s Application for Approval of Transfer of Structured*

*Settlement Payment Rts.*, 166 Wash. App. 683, 692 (2012) (quoting *Standard Fire Ins. Co. v. Blakeslee*, 54 Wash. App. 1, 5 (1989) (internal quotations omitted) (brackets omitted)); *see also Columbia Asset Recovery Grp., LLC v. Kelly*, 177 Wash. App. 475, 486 (2013).

      Defendant Garrison offers two contentions on behalf of why it believes USA's joinder in this action is fraudulent. First, Defendant disclaims USAA's direct liability, asserting that there was no privity of contract between USAA and Plaintiffs. ECF No. 11 at 2; *see Kosovan v. Omni Ins. Co.*, 19 Wash. App. 2d 668, 686 (2021) (defendant entity could not be held directly liable for statutory insurance bad faith claim or state consumer protection act claim based on bad faith where plaintiff and entity shared no contractual relationship). Second, Defendant asserts that USAA cannot be held liable for the acts of its subsidiaries under Washington doctrines of corporate veil piercing. ECF No. 11 at 11-13.

      Defendant maintains that both the insurance policy itself and its correspondence with Plaintiffs belie Plaintiffs' theory of direct liability. ECF No. 11 at 4-9. Respecting the policy itself, Defendant offers that the Declarations page names "Company: Garrison Property & Casualty Insurance Company" and that the policy lists a Garrison policy number (GAR 04227-04-19-90A). *Id.* at 4-5 (citing ECF No. 12-1 at 1-2). Defendant admits that the pages of the policy packet are stamped with a USAA logo and state "USAA Confidential" in the bottom margin,

but notes that the contract stipulates Garrison is using the logo with USAA's permission. *Id.* (citing ECF No. 12-1 at 15). Defendant also remarks that the policy clarifies that the words "we," "us," and "our" are used on behalf of "the Company providing this insurance," *i.e.,* Garrison. *Id.* (citing ECF No. 12-1 at 16). As to Plaintiffs' correspondence with adjuster Coy Miles, Defendant concedes that the letter from Mr. Miles contains a USAA logo and USAA claim reference number (042270419-3), but presses that the logo is again being used with permission. Additionally, Defendant points out that Mr. Miles self-identified as a representative of Garrison in his e-mail signature bloc. *Id.* (citing ECF No. 10 at 15).

Based on the evidence presented, the Court is not satisfied that either the policy itself or Plaintiffs' contacts with Mr. Miles establish that there is no possibility Plaintiffs could maintain its claims against USAA in state court. *See Grancare, LLC*, 889 F.3d at 548 ("[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper."). Defendant correctly observes that the homeowners policy itself identifies Garrison as the insurer issuing the policy and that it states the USAA logo is used with USAA's permission. *See* ECF No. 12-1 at 15 ("This policy is issued by Garrison . . . a subsidiary of USAA Casualty Insurance Company. Garrison is authorized to use

the USAA logo, a registered trademark of [USAA].  This is a participating policy.").  However, the policy itself containing these disclosures does not appear in the packet until page 15.  Moreover, the policy is emblazoned with the USAA logo and USAA's address at the top of the page, while the note about Garrison's role as the issuer of the insurance is at the very bottom of the page beneath the table of contents.

Further, in numerous excerpts of the packet leading up to the policy itself, the document refers to USAA without mention of Garrison.  For instance, on the first page of the packet, titled in bold as "IMPORTANT MESSAGES," multiple references are made to USAA and the USAA insignia is displayed at the top. *See* 12-1 at 2.  The page encourages insureds to contact USAA by phone or online at the USAA website, and states in the first paragraph that "USAA considers many factors when determining your premium." *Id.*  The lone indicia that Garrison might be a party to the contract is the policy number GAR 04227-04-19-90A, which is inconspicuously placed to the far right side of the page.  *Id.*  Other pages follow a similar pattern.  *See, e.g.*, *id.* at 9 ("We're making some changes to your homeowners policy . . . [i]f after reviewing these changes and explanations, you have any questions, please contact us at 210-531-USAA"), 13 ("Our mission at USAA is to help protect your financial security"); 13 ("[P]lease revise any inaccuracies by: [l]ogging on to usaa.com . . . or [c]alling us at 210-531-USAA.").

1  Neither does it escape the Court's notice that the policy operative in effect at the
2  time of Plaintiffs' loss was signed by the CEO of USAA, S. Wayne Peacock. *Id.* at
3  4; ECF No. 13 at 6.
4     Plaintiffs' contacts with adjusters and other customer service representatives
5  also give rise to the reasonable inference that Garrison was not the only insurer
6  who had issued the policy.  Plaintiff Miller declared that he already had an
7  automobile insurance policy through USAA and signed up for homeowners
8  insurance through USAA by using the same online account as that used for his
9  auto insurance.  ECF No. 14 at 2, ¶ 2.  When the loss occurred, Plaintiffs used the
10 USAA website to file their claim—per the policy packet's instructions—and
11 interacted with a variety of adjusters and claims persons who held themselves out
12 to be representatives of USAA.  *Id.* at 2-5; 9-11.  Indeed, even Mr. Miles, whose
13 final settlement e-mail identified himself as an employee of Garrison, purportedly
14 represented that he was a USAA adjuster in an initial voicemail to Plaintiffs.  *Id.* at
15 4, ¶ 11.  Finally, the check issued for the damages was from USAA, not Garrison.
16 *Id.* at 13.
17    District courts considering analogous sets of facts involving the same
18 Defendants in this action have reached similar conclusions.  In *Hall v. United*
19 *Servs. Auto. Ass'n*, for instance, the district court remanded the case because the
20 policy packet's multiple references to USAA and contacts from USAA

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND ~ 13

representatives raised a disputed fact as to whether USAA was an insurer as well as Garrison. *See* No. 21-4-DLB, 2021 WL 4255614, at *3 (E.D. Ky. Sept. 17, 2021). However, the court also found it noteworthy that the contract "[did] not expressly state which entity [was] the insurer." *Id.* at *2. *See also Spriggs v. United Servs. Auto. Ass'n*, No. 1:23CV7, 2023 WL 3626503, at *5 (M.D.N.C. May 24, 2023) (finding remand was warranted where the policy in question did not identify Garrison alone as the issuing insurer, made multiple references to both Garrison and USAA, and USAA paid an advance on the plaintiffs' claim).

Unlike in *Hall* and *Spriggs*, the policy in question here explicated that "[t]he policy [was] issued by Garrison." ECF No. 12-1 at 15 (bottom text). However, the buried placement of that disclosure within the packet, numerous other more prominent references to USAA, USAA's role in working with Plaintiffs, and USAA's attempted settlement of Plaintiffs' claim, could all lead a reasonable person in Plaintiffs' position to believe that USAA was an issuing insurer. *See Albi v. Street & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944) ("In borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the case in state court.") (internal quotations and citations omitted) (unreported). As such, the Court cannot conclude without reservation that USAA was not a party to Plaintiffs' contract of insurance, or that there is no remote

possibility that Plaintiffs could establish a cause of action against USAA in state court.

Accordingly, Defendant's claim of fraudulent joinder must be denied and the matter remanded to Spokane County Superior Court. *See* 28 U.S.C. § 1447(c). The Court does not reach Defendant's alternative arguments pertaining to corporate veil piercing.

### III.   Attorney's Fees

In their Reply brief, Plaintiffs claim they are entitled to an award of attorney's fees and costs. *See* ECF No. 13 at 13-14. When entering an order of remand, the Court may also award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." § 1447(c). The Supreme Court has specified that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the Court finds that Defendant Garrison had a sufficiently reasonable basis for attempting to remove this action. Therefore, Plaintiffs' request for attorney's fees and costs under § 1447(c) are denied.

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Remand (ECF No. 9) is **GRANTED**. The matter is hereby **REMANDED** to the Spokane County Superior Court, State of Washington, for all further proceedings (former Spokane County No. 23203643-32).

2. Plaintiffs' request for attorney's fees and costs (ECF No. 13) is **DENIED**.

The District Court Executive is directed to enter this Order, furnish copies to counsel, *mail a certified copy to the Clerk of the Spokane County Superior Court*, and **CLOSE** the file.

DATED December 19, 2023.



THOMAS O. RICE
United States District Judge